*Attorney Grievance Commission of Maryland v. Olekanma Arnnette Ekekwe*, Misc. Docket AG No. 53, September Term, 2020. Opinion by Gould, J.

**ATTORNEY DISCIPLINE – SANCTIONS – DISBARMENT**

Court of Appeals disbarred lawyer who failed to adequately communicate with a client, represented a client while she was suspended from practicing law, and also made misrepresentations to the court about her status. Such conduct violated Maryland Attorneys' Rules of Professional Conduct 19-301.4 (Communication), 19-303.3 (Candor Toward the Tribunal), 19-305.5 (Unauthorized Practice of Law), 19-308.1 (Bar Admission and Disciplinary Matters), 19-308.4 (Misconduct), and 19-742 (Order of Disbarment or Suspension).

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 53

September Term, 2020

_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

OLEKANMA ARNNETTE EKEKWE

_____

*Getty, C.J.
*McDonald
Watts
Hotten
Booth
Biran
Gould,

JJ.

_____

Opinion by Gould, J.

_____

Filed: June 1, 2022

*Getty, C.J. and McDonald, J., now Senior Judges, participated in the hearing and conference of this case while active members of this Court. After being recalled pursuant to Md. Const., Art. IV, § 3A, they also participated in the decision and adoption of this opinion.

Pursuant to Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

On December 1, 2020, the Attorney Grievance Commission ("AGC"), acting through Bar Counsel, filed a Petition for Disciplinary or Remedial Action against Olekanma Arnnette Ekekwe, alleging violations of various provisions of the Maryland Attorneys' Rules of Professional Conduct ("MARPC").[1]   Pursuant to Maryland Rule 19-722(a), this Court designated the Honorable C. Carey Deeley, Jr. ("hearing judge") to conduct an evidentiary hearing and provide findings of fact and conclusions of law.

The hearing was held on June 21, 2021.  Bar Counsel appeared and presented its case with 14 exhibits and a videotaped deposition of Ms. Ekekwe's former client, Vini Sloan.  Ms. Ekekwe failed to appear.  The hearing judge issued Findings of Fact and Conclusions of Law ("findings") on July 28, 2021.  The hearing judge found that Bar Counsel proved by clear and convincing evidence that Ms. Ekekwe violated Rules 19-301.4  (Communication),[2]  19-303.3  (Candor  Toward  the  Tribunal),  19-305.5 (Unauthorized Practice of Law), 19-308.1 (Bar Admission and Disciplinary Matters), 19-

---

[1] As described by Judge McDonald in *Attorney Grievance Comm'n v. Ficker*, 477 Md. 537, 545 n.3 (2022).

In 1987, this Court adopted the Maryland Lawyers' Rules of Professional Conduct ("MLRPC"). Maryland Rule 1230, Appendix (1987). . . . Effective July 1, 2016, the MLRPC were renamed the MARPC and recodified without substantive change in Title 19, Chapter 300 of the Maryland Rules.  The rules have retained their previous numbering in a modified format, *e.g.*, former MLRPC Rule 1.1 is now MARPC Rule 19-301.1.

[2] In its Petition for Disciplinary or Remedial Action, Bar Counsel additionally charged Ms. Ekekwe with violating Rules 19.301.1 and 19.301.3; prior to the hearing, those charges were withdrawn.

308.4 (Misconduct), and 19-742 (Order of Disbarment or Suspension).[3]  Neither Bar Counsel nor Ms. Ekekwe excepted to the hearing judge's findings.  Bar Counsel recommends that we disbar Ms. Ekekwe.

On October 5, 2021, pursuant to Rule 19-740(a), Bar Counsel filed a request to waive oral argument.  On October 22, 2021, this Court entered an order requiring Ms. Ekekwe to show cause on or before November 12, 2021 "why oral argument should be held."  Ms. Ekekwe failed to respond.  On November 18, 2021, this Court granted Bar Counsel's request to waive oral argument.

As explained below, with one minor exception, we adopt the hearing judge's findings and determine that disbarment is the appropriate sanction under the facts and circumstances of this case.

**I**

**HEARING JUDGE'S FINDINGS OF FACTS**

Bar Counsel has the burden of proving its allegations of misconduct by clear and convincing evidence.  Md. Rule 19-727(c).  Because neither Ms. Ekekwe nor Bar Counsel filed exceptions to the hearing judge's findings, Rule 19-740(b)(2)(A) permits us to "treat the findings of facts as established."  *See Attorney Grievance Comm'n v. Colton-Bell*, 434 Md. 553, 572 (2013).  Our inclination is to do so here, but we nevertheless have reviewed the record and are satisfied that the hearing judge's factual findings are, indeed, supported

_____

[3] As of October 1, 2021, MARPC Rule 19-742 was renumbered as MARPC Rule 19-741.  Because Ms. Ekekwe's misconduct occurred before the renumbering, we shall cite to the prior version, Rule 19-742.

by clear and convincing evidence. Accordingly, the facts that follow derive from the hearing judge's uncontested findings and the undisputed evidence that supports such findings.

### *Professional Background*

On December 2, 2002, Ms. Ekekwe was admitted to the bar of the District of Columbia (the "D.C. bar"), where she later opened a solo law practice. On December 17, 2010, Ms. Ekekwe was admitted to the Maryland bar.

On June 27, 2019, the District of Columbia Court of Appeals suspended Ms. Ekekwe from the practice of law for three years for violating Rules 1.1(a) and (b) (Competence), 1.3(a) and (b) (Diligence and Zeal), 1.4(a) and (b) (Communication), 1.5(a) (Fees), 1.15(e) (Safekeeping Property), 1.16(d) (Declining or Terminating Representation), and 8.4(c) (Misconduct) of the District of Columbia Rules of Professional Conduct. As a condition of her reinstatement, Ms. Ekekwe was required to prove her fitness to practice law pursuant to Rule XI § 16 of the District of Columbia Bar Rules.

### *Representation of Vini Sloan and*
### *Suspension from the Maryland Bar*

In July 2019, the Women's Law Center of Maryland appointed Ms. Ekekwe to represent Vini Sloan on a *pro bono* basis, in connection with Ms. Sloan's complaint for custody in *Sloan v. Armstrong*, pending in the Circuit Court for Baltimore County. Ms. Sloan had already been represented by counsel in that matter, but discharged that counsel when she was notified of Ms. Ekekwe's *pro bono* appointment. Ms. Sloan then made several unsuccessful attempts to contact Ms. Ekekwe. It was only after Ms. Sloan asked

3

the Women's Law Center to intervene on her behalf that Ms. Ekekwe finally responded and met with her.

On August 2, 2019, the AGC filed a petition in this Court for disciplinary or remedial action against Ms. Ekekwe, seeking an interim suspension and reciprocal discipline for the misconduct found in the District of Columbia matter. Several days later, this Court issued a Show Cause Order directing the AGC and Ms. Ekekwe to show cause why corresponding discipline should or should not be imposed in Maryland.

On September 24, 2019, Ms. Ekekwe filed a motion to stay the AGC's petition pending the outcome of a request for a rehearing in the District of Columbia matter. In response, the AGC pointed out that the request for rehearing had been made by disciplinary counsel to, among other things, seek a more severe sanction, and that Ms. Ekekwe had opposed the rehearing request.

On October 4, 2019, this Court denied Ms. Ekekwe's motion and entered an order *temporarily* suspending Ms. Ekekwe's license to practice law in Maryland. *Attorney Grievance Comm'n v. Ekekwe*, 466 Md. 213 (2019). On October 18, 2019, the AGC responded to the Show Cause Order, requesting that Ms. Ekekwe be indefinitely suspended due to the findings in the District of Columbia matter.

Meanwhile, on October 2, 2019—just two days before her temporary suspension in Maryland—Ms. Ekekwe appeared with Ms. Sloan for a settlement conference in the circuit court. Although Ms. Ekekwe had not entered her appearance in the case, she participated in the conference. The child's father, Romeo Armstrong, and his attorney, Walter Ty,

4

appeared as well. The case was not resolved at the conference, so the court scheduled a merits trial for January 30, 2020 at 9:30 a.m.

Within a few days after the settlement conference, Ms. Sloan took the child to Georgia, where she resided, without the knowledge or permission of the father. In response, the father moved for emergency relief on October 10, 2019. Because Ms. Ekekwe had still not entered her appearance, his counsel served the motion on Ms. Sloan, with a courtesy copy to Ms. Ekekwe. In the transmittal email, the father's counsel asked Ms. Ekekwe to confirm her representation of Ms. Sloan and asked her to formally enter her appearance in the case. The court scheduled an emergency hearing for November 4, 2019.

The emergency hearing was held before the Honorable H. Patrick Stringer. Before the hearing, Ms. Ekekwe and Ms. Sloan discussed the matter and agreed that Ms. Ekekwe would attend the hearing without Ms. Sloan. Ms. Ekekwe did not inform Ms. Sloan that she had been suspended from practicing law, and as planned, Ms. Ekekwe appeared at the hearing on Ms. Sloan's behalf. Ms. Ekekwe introduced herself by saying "Good morning, Your Honor. Olekanma Ekekwe on behalf of Vini Sloan." Ms. Ekekwe made an opening statement, cross-examined the father, and made a closing argument. After denying the father's emergency motion, Judge Stringer noted that Ms. Ekekwe had not yet entered her appearance in writing. But Judge Stringer made sure there was no ambiguity about Ms. Ekekwe's role:

THE COURT: You understand that you are in the case now?

MS. EKEKWE: Yes, sir.

5

Ms. Ekekwe failed to inform Ms. Sloan, Judge Stringer, or the father's counsel that she had been suspended from practicing law in Maryland.

After the hearing, Ms. Ekekwe informed Ms. Sloan that the court denied the emergency motion and confirmed that the merits trial would be on January 30, 2020.

On November 20, 2019, this Court entered an order suspending *indefinitely* Ms. Ekekwe from the practice of law in Maryland, effective immediately. *Attorney Grievance Comm'n v. Ekekwe*, 466 Md. 379 (2019). Thus, Ms. Ekekwe has been suspended from practicing law in Maryland since October 4, 2019, when she was temporarily suspended from practicing law.

Meanwhile, after the November emergency hearing, Ms. Sloan and Mr. Armstrong began direct settlement discussions. Ms. Sloan kept Ms. Ekekwe in the loop and consulted with her during that time. Ms. Sloan and Mr. Armstrong reached an agreement, which they put in writing. Ms. Ekekwe reviewed and edited the written agreement. On January 29, 2020, Ms. Ekekwe sent the final draft of the agreement to Ms. Sloan, asking her to sign the document and to have Mr. Armstrong sign it.

On the morning of January 30, 2020, Ms. Sloan confirmed with Ms. Ekekwe that Ms. Ekekwe would attend the hearing on her behalf to submit the settlement agreement, and that Ms. Sloan would not attend. At 9:55 a.m., the Honorable Paul J. Hanley called the case. Neither Ms. Ekekwe nor Ms. Sloan was present. At 10:16 a.m., Judge Hanley took a recess and called Ms. Sloan. Ms. Sloan told Judge Hanley that Ms. Ekekwe had confirmed that she would be appearing on her behalf. Judge Hanley then informed Ms. Sloan that Ms. Ekekwe had been suspended from practicing law, which was news to Ms.

6

Sloan. After her call with Judge Hanley, Ms. Sloan unsuccessfully attempted to contact Ms. Ekekwe.

At 10:42 a.m., Judge Hanley resumed the hearing. Ms. Ekekwe arrived shortly thereafter. Judge Hanley pointedly asked Ms. Ekekwe about her involvement in the case, and in response Ms. Ekekwe said she was only "supposed to bring the settlement agreement[.]" When Judge Hanley asked Ms. Ekekwe if she was an attorney, Ms. Ekekwe dodged the question by responding that she was "assisting" and that she was "from the Women's Law Center." Judge Hanley pressed the issue by asking Ms. Ekekwe if she was "representing anybody in this case[,]" and Ms. Ekekwe responded that "[i]t's just a temporary appearance."

Judge Hanley probed further, asking Ms. Ekekwe if she was "a member of the bar." Ms. Ekekwe responded "[y]es." Judge Hanley asked her if she was "licensed to practice law in Maryland[.]" Again, Ms. Ekekwe responded "yes." Judge Hanley got even more specific, asking whether she was "suspended from the practice of law in Maryland[.]" Ms. Ekekwe again dodged the question, responding "[i]n D.C., yes." Judge Hanley again tried to pin Ms. Ekekwe down, asking "ma'am, you are suspended from the practice of law in Maryland, are you not?" Ms. Ekekwe responded, "I haven't gotten the Order yet." Judge Hanley then asked: "Ma'am, are you suspended from the practice of law in Maryland? You have to answer out loud. We are on the record." Cornered, Ms. Ekekwe finally came clean, answering "[y]es."

But she didn't come clean entirely. Judge Hanley asked Ms. Ekekwe if she was "furnishing services to Ms. Sloan in this case." In response, Ms. Ekekwe obscured her role

7

by claiming that she had represented Ms. Sloan before the suspension, but not after. She explained that she was "just told to bring the settlement that they signed." Ms. Ekekwe denied that she represented or conferred with Ms. Sloan after her suspension and maintained that she only agreed to bring the settlement agreement to court.

Judge Hanley then postponed the hearing. Ms. Ekekwe never informed Ms. Sloan of the outcome of the hearing or her suspension from the Maryland bar. To Ms. Sloan's knowledge, the settlement agreement has never been filed.

Ms. Ekekwe knowingly and intentionally misrepresented to the court: (1) the nature of her involvement in the Sloan case; (2) that her appearance for Ms. Sloan was temporary; (3) that she was licensed to practice law in Maryland; and (4) that she did not represent Ms. Sloan following her temporary suspension on October 4, 2019 and her indefinite suspension on November 20, 2019.

### Bar Counsel's Investigation

After the January 30 custody hearing, Judge Hanley referred this matter to Bar Counsel for an investigation. Bar Counsel sent letters to Ms. Ekekwe on February 27, 2020, June 23, 2020, and August 4, 2020, each time asking her to explain her representation of Ms. Sloan following her temporary suspension on October 4, 2019. Ms. Ekekwe repeatedly failed to respond to Bar Counsel's letters.

Ms. Ekekwe eventually sent Bar Counsel an affidavit that was not only untimely, but also knowingly and intentionally false. Ms. Ekekwe claimed that she was permitted to appear on Ms. Sloan's behalf at the November 4 custody hearing because the order of suspension was not entered until December 31, 2019. In fact, the temporary order of

8

suspension was dated October 4, 2019, and, pursuant to Rule 19-737(d)(2), was effective immediately. The hearing judge found that Ms. Ekekwe knowingly and intentionally misrepresented to Bar Counsel that she reasonably believed the suspension was not effective until December 31, 2019.

Ms. Ekekwe also stated in her affidavit that when she appeared at the custody hearing on January 30, she did so as a paralegal, not a lawyer. This too was knowingly and intentionally false—at the hearing she told the court that she was representing Ms. Sloan, albeit temporarily.[4]

## II

## THE HEARING JUDGE'S CONCLUSIONS OF LAW

From the foregoing factual findings, the hearing judge reached certain conclusions of law. We review the hearing judge's conclusions of law without deference. Md. Rule 19-740(b)(1). Here, the hearing judge found by clear and convincing evidence that Ms. Ekekwe violated MARPC Rules 19-301.4, 19-303.3, 19-305.5, 19-308.1, 19-308.4, and 19-742. We will address each conclusion in turn.

### *MARPC Rule 19-301.4 (Communication)*

Rule 19-301.4 provides:

(a) An attorney shall:
(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 19-301.0 (f) (1.0), is required by these Rules;

---

[4] Ms. Ekekwe's paralegal theory strains credulity. The Women's Law Center appointed an attorney, not a paralegal, to represent Ms. Sloan. Upon their suspension from practicing law, lawyers do not magically transform into paralegals imbued with the authority to represent clients.

9

(2) keep the client reasonably informed about the status of the matter;
(3) promptly comply with reasonable requests for information; and
(4) consult with the client about any relevant limitation on the attorney's conduct when the attorney knows that the client expects assistance not permitted by the Maryland Attorneys' Rules of Professional Conduct or other law.
(b) An attorney shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

This Rule requires an attorney "'to inform a client of the status of his or her case' so the client has the 'ability to make informed decisions[.]'" *Attorney Grievance Comm'n v. Edwards*, 462 Md. 642, 697 (2019) (quoting *Attorney Grievance Comm'n v. Hamilton*, 444 Md. 163, 182 (2015)).

The hearing judge found that Ms. Ekekwe violated Rule 19-301.4 by failing to: (1) respond to Ms. Sloan's attempts to contact her and responding only after the Women's Law Center intervened; (2) inform Ms. Sloan that she had been suspended from practicing law; and (3) inform Ms. Sloan what happened on January 30. This conclusion is supported by clear and convincing evidence.

### MARPC Rule 19-303.3 (Candor Toward the Tribunal)

Rule 19-303.3(a)(1) provides that "[a]n attorney shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the attorney[.]"

The hearing judge concluded that Ms. Ekekwe violated Rule 19-303.3 at both the November 4 and January 30 hearings by knowingly and intentionally misrepresenting to the court her Maryland licensure status and her role in representing Ms. Sloan. The hearing judge found that Ms. Ekekwe knew she was suspended when she appeared at both the

10

November 4 and January 30 hearings on Ms. Sloan's behalf, and that her failure to disclose this fact constituted violations of not only Rule 19-303.3, but also Rules 19-305.5 and 19-308.4.

The hearing judge also found that Ms. Ekekwe knowingly and intentionally misrepresented to Judge Hanley at the January 30 hearing that her appearance for Ms. Sloan was temporary. The hearing judge credited Ms. Sloan's testimony that: (1) Ms. Ekekwe never said that her representation was temporary or limited in any way; (2) she never terminated Ms. Ekekwe's representation; and (3) she continued to believe, up to and including January 30, that Ms. Ekekwe was her lawyer.

The hearing judge also found that Ms. Ekekwe knowingly and intentionally misrepresented to Judge Hanley that she was licensed to practice law in Maryland and that she had not received the suspension order. As to the latter finding, the hearing judge rejected Ms. Ekekwe's contention that she had not received the suspension order as of the January 30 hearing, noting that she was aware of the AGC's initiation of reciprocal disciplinary proceedings since at least August 29, 2019, as she was emailed that initial petition, and, in fact, responded to that email. The hearing judge also found the suspension orders were filed via MDEC and sent to Ms. Ekekwe's business and/or home addresses, and that she had actual knowledge of those orders as of November 20, 2019.

These findings and conclusions are supported by clear and convincing evidence. *See Attorney Grievance Comm'n v. Hoerauf*, 469 Md. 179, 211-12 (2020) (finding that attorney violated Rule 19-303(a) "when she knowingly and intentionally [made] misrepresent[ations] to the circuit court"); *see also Attorney Grievance Comm'n v. Portillo*,

11

473 Md. 584, 601 (2021) (finding that attorney violated Rule 19-303(a)(1) "by knowingly and intentionally misrepresenting her communications . . . with the intent to deceive the immigration court").

### MARPC Rule 19-305.5
### (Unauthorized Practice of Law; Multi-Jurisdictional Practice of Law)

Rule 19-305.5 provides, in relevant part:

(a) An attorney shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.
(b) An attorney who is not admitted to practice in this jurisdiction shall not:
(1) except as authorized by these Rules or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practice of law; or
(2) hold out to the public or otherwise represent that the attorney is admitted to practice law in this jurisdiction.

The hearing judge found that Ms. Ekekwe's law license in Maryland was suspended temporarily on October 4, 2019 and suspended indefinitely on November 20, 2019. The hearing judge also found that Ms. Ekekwe continuously represented Ms. Sloan from October 4, 2019 through January 30, 2020, by giving Ms. Sloan legal advice, negotiating with opposing counsel, and representing Ms. Sloan in court. These findings are not clearly erroneous and the hearing judge's conclusion that Ms. Ekekwe violated Rule 19-305.5 is supported by clear and convincing evidence.

### MARPC Rule 19-308.1 (Bar Admission and Disciplinary Matters)

Rule 19-308.1 provides:

An applicant for admission or reinstatement to the bar, or an attorney in connection with a bar admission application or in connection with a disciplinary matter, shall not:
(a) knowingly make a false statement of material fact; or

12

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 19-301.6 (1.6).

"MARPC 19-308.1(a) is violated when an attorney knowingly makes a false statement of material fact in a disciplinary matter." *Attorney Grievance Comm'n v. Ambe*, 466 Md. 270, 296 (2019). Further, this Rule

is violated if an attorney fails to respond to Bar Counsel's lawful request for information. The rule does not distinguish between attorneys who fail to respond to lawful demands due to dilatoriness, on the one hand, and those on the other hand, who intentionally fail to respond . . . . Moreover, [b]elated participation in a Bar Counsel investigation does not overcome a violation of failing to respond to Bar Counsel in the first instance . . . .

*Edwards*, 462 Md. at 705 (cleaned up; internal citations omitted).

The hearing judge concluded that Ms. Ekekwe violated 19.308.1(a) by falsely stating in her belatedly submitted affidavit to Bar Counsel that the order of suspension was not entered until December 31, 2019 and that she acted as a paralegal on behalf of Ms. Sloan. The hearing judge also concluded that Ms. Ekekwe violated 19.308.1(b) when she failed to respond to Bar Counsel's three letters. In doing so, the hearing judge rejected Ms. Ekekwe's contention in her affidavit that she did "not recall" receiving the letters. The conclusion that Ms. Ekekwe violated Rule 19-308.1(a) is supported by clear and convincing evidence.

### MARPC Rule 19-308.4 (Misconduct)

Rule 19-308.4 provides, in relevant part, that:

It is professional misconduct for an attorney to:

13

(a) violate or attempt to violate the Maryland Attorneys' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) commit a criminal act that reflects adversely on the attorney's honesty, trustworthiness or fitness as an attorney in other respects;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice;

The hearing judge concluded that Ms. Ekekwe violated subsections (a) through (d) of Rule 19-308.4, finding that: (1) Ms. Ekekwe's violations of the other rules of professional conduct constituted violations of subsection (a); (2) Ms. Ekekwe's unauthorized practice of law was a violation of subsection (b) because it constituted a violation of Maryland Code (1989, 2018 Repl. Vol.) § 10-601 of the Business Occupations and Professions Article, a criminal offense; (3) Ms. Ekekwe violated subsection (c) by her knowing and intentional misrepresentations to the court at the November and January hearings, her misrepresentations to Bar Counsel, and her unauthorized practice of law; and (4) Ms. Ekekwe violated subsection (d) because her "conduct, taken as a whole, most certainly [brought] the legal professional into disrepute." Each of these conclusions are supported by clear and convincing evidence.

### MARPC Rule 19-742 (Order of Disbarment or Suspension)

Rule 19-742(b)[5] provides:

Except as provided in section (c) of this Rule, after the effective date of an order of disbarment or suspension, or an order accepting resignation, an attorney may not:
(1) practice law or offer to practice law in this State, either directly or through any other person;

[5] As stated in footnote 2, as of October 1, 2021, this Rule was renumbered and is now 19-741(b).

14

(2) undertake any new representation of existing clients or any representation of new clients;

(3) solicit or procure any legal business or retainer for an attorney, whether or not for personal gain;

(4) share in any fees for legal services performed by another attorney, but may be compensated for the reasonable value of services rendered prior to the effective date of the order;

(5) use any business card, sign, advertisement, social networking media, website, or other form of communication suggesting that the attorney is entitled to practice law or maintain, alone or with another, an office for the practice of law; or

(6) except for the limited purpose of complying with the requirements of section (c) of this Rule:

(A) occupy, share, or use office space in which an attorney practices law unless under circumstances clearly indicating to clients, prospective clients, and individuals who may visit the office that the attorney is not an attorney and is not permitted to practice law; or

(B) use any stationery, bank account, checks, or labels on which the attorney's name appears as an attorney or in connection with any office for the practice of law.

(7) engage in any law-related activities while employed or retained by an attorney, except as permitted by Rule 19-305.3 (d).

The hearing judge concluded that Ms. Ekekwe's unauthorized practice of law constituted a violation of Rule 19-742(b). This conclusion is supported by clear and convincing evidence.

## III

## SANCTION

This Court exercises original jurisdiction over attorney disciplinary proceedings. *Attorney Grievance Comm'n v. Colton-Bell,* 434 Md. 553, 570 (2013). Thus, having adopted the hearing judge's findings, it falls upon us to determine the appropriate sanction. In doing so, we are mindful that we impose sanctions not to punish the wayward attorney, but rather to protect the public and promote the public's confidence in the legal profession.

15

*Attorney Grievance Comm'n v. Allenbaugh*, 450 Md. 250, 277 (2016). We consider the

rules that were violated, the mental state of the attorney, the injuries, if any, inflicted by

the attorney's misconduct, and the relevant aggravating and mitigating factors. *Id.*

### Mitigating Factors

The mitigating factors we consider include:

(1) the absence of prior attorney discipline; (2) the absence of a dishonest or selfish motive; (3) personal or emotional problems; (4) timely good faith efforts to make restitution or to rectify the misconduct's consequences; (5) full and free disclosure to [Bar Counsel] or a cooperative attitude toward the attorney discipline proceeding; (6) inexperience in the practice of law; (7) character or reputation; (8) a physical disability; (9) a mental disability or chemical dependency, including alcoholism or drug abuse, where: (a) there is medical evidence that the lawyer is affected by a chemical dependency or mental disability; (b) the chemical dependency or mental disability caused the misconduct; (c) the lawyer's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and (d) the recovery arrested the misconduct, and the misconduct's recurrence is unlikely; (10) delay in the attorney discipline proceeding; (11) the imposition of other penalties or sanctions; (12) remorse; (13) remoteness of prior violations of the [MARPC]; and (14) unlikelihood of repetition of the misconduct.

*Allenbaugh*, 450 Md. at 277-78 (citing *Attorney Grievance Comm'n v. Shuler*, 443 Md.

494, 506-07 (2015)). The hearing judge found no mitigating factors, noting Ms. Ekekwe's

failure to appear for the hearing and to submit any supporting evidence of same.

### Aggravating Factors

The aggravating factors we consider include:

(1) prior attorney discipline; (2) a dishonest or selfish motive; (3) a pattern of misconduct; (4) multiple violations of the [MARPC]; (5) bad faith obstruction of the attorney discipline proceeding by intentionally failing to comply with [rules or orders of the disciplinary agency]; (6) submission of false evidence, false statements, or other deceptive practices during the attorney discipline proceeding; (7) a refusal to acknowledge the

16

misconduct's wrongful nature; (8) the victim's vulnerability; (9) substantial experience in the practice of law; (10) indifference to making restitution or rectifying the misconduct's consequences; (11) illegal conduct, including that involving the use of controlled substances; and (12) likelihood of repetition of the misconduct.

*Id*. at 277.

The hearing judge found by clear and convincing evidence that Bar Counsel established multiple aggravating factors. *First*, as to prior discipline, the hearing judge noted that Ms. Ekekwe had been suspended from practicing law in the District of Columbia for three years and had been indefinitely suspended from practicing law in Maryland. This finding is supported by clear and convincing evidence.

*Second*, the hearing judge found that Ms. Ekekwe acted with a dishonest or selfish motive, citing her "multiple attempts to hide her suspension from the practice of law and to minimize her involvement in *Armstrong v. Sloan*." The admitted evidence does not reveal what motivated Ms. Ekekwe's misconduct. She took Ms. Sloan's case on a *pro bono* basis, so that rules out a financial motive. And although it's possible she concealed the truth merely to protect her own standing and reputation, it's also possible that she genuinely believed that she could shepherd Ms. Sloan to a successful resolution of her matter without imposing on Ms. Sloan the need for replacement counsel and the inevitable delays that would follow. We have no way of knowing on this record. We therefore decline to adopt this finding of the hearing judge.

*Third*, citing Ms. Sloan's repeated misrepresentations about her licensure status and involvement in Ms. Sloan's matter, the hearing judge found by clear and convincing

17

evidence a pattern of misconduct. This finding is supported by clear and convincing evidence.

*Fourth*, the hearing judge found multiple violations of the MARPC. As discussed above, we have adopted the hearing judge's conclusions as to each violation; therefore, this aggravating factor has been established by clear and convincing evidence.

*Fifth*, the hearing judge found that Ms. Ekekwe submitted a false affidavit to Bar Counsel; thus, the aggravating factor of obstructing the disciplinary process was established by clear and convincing evidence.

*Sixth*, the hearing judge found that Ms. Ekekwe refused to acknowledge the wrongful nature of her misconduct or that her misconduct compromised Ms. Sloan's case. This too is supported by clear and convincing evidence.

*Seventh*, observing that Ms. Ekekwe was admitted to the D.C. bar in 2002 and the Maryland bar in 2010, the hearing judge concluded that Ms. Ekekwe had substantial experience in the practice of law. This finding is supported by clear and convincing evidence.

And finally, *eighth*, referring to his finding that Ms. Ekekwe violated Rule 19-308.4(b) by engaging in the unauthorized practice of law—a criminal offense—the hearing judge found that the aggravating factor of illegal conduct had been established. This finding is supported by clear and convincing evidence.

18

Ms. Ekekwe's misconduct involves both intentional dishonesty and the unauthorized practice of law. In *Attorney Grievance Comm'n v. Vanderlinde*, 364 Md. 376 (2001), this Court found that disbarment is often the appropriate sanction when the attorney's wrongful actions involve dishonesty. We cautioned that

> [o]nly if the circumstances are that compelling, will we even consider imposing less than the most severe sanction of disbarment in cases of stealing, dishonesty, fraudulent conduct, the intentional misappropriation of funds or other serious criminal conduct, whether occurring in the practice of law, or otherwise.

*Id.* at 413-14. On the other hand, when there has been no misappropriation of money, intentional dishonesty has not always resulted in disbarment. *See, e.g.*, *Attorney Grievance Comm'n v. Keating*, 471 Md. 614 (2020); *Attorney Grievance Comm'n v. Lane*, 367 Md. 633, 646-47 (2002) ("We have not, however, always found disbarment to be the appropriate sanction where there is misrepresentation involved, especially where misappropriation of money was not involved."). It all depends, of course, on the specific facts and circumstances of each case. *Attorney Grievance Comm'n v. Bonner*, 477 Md. 576, 621(2022).

> We have previously held that disbarment is an appropriate sanction for an attorney
>
> who has previously been disciplined[,] intentionally or knowingly violates the terms of that order and, as a result, causes injury or potential injury to a client, the public, the legal system, or the profession. The most common case is one where a lawyer has been suspended but, nevertheless, practices law. The courts are generally in agreement in imposing disbarment in such cases.

*Attorney Grievance Comm'n v. James*, 355 Md. 465, 487 (1999) (citing American Bar Association, *Standards for Imposing Lawyer Sanctions* (1991 ed.)). This case fits the bill.

19

As detailed above, Ms. Ekekwe persistently violated the two suspension orders. In doing so, Ms. Ekekwe effectively deprived Ms. Sloan—who was battling for custody of her son—the benefit of counsel. Perhaps Ms. Ekekwe thought she could pull it off—that is, when Ms. Ekekwe assisted Ms. Sloan in the direct settlement negotiations with the child's father, knowing she had been suspended, perhaps Ms. Ekekwe perceived a way to resolve Ms. Sloan's case before anyone would find out about her suspension. But still, Ms. Ekekwe's advice and counsel to Ms. Sloan regarding a possible settlement would, unbeknownst to Ms. Sloan, have been tainted by Ms. Ekekwe's own self-interest in avoiding a trial on the merits. In that regard, Ms. Ekekwe had to have known that—if the settlement negotiations were to fall apart—even the "paralegal" defense, ill-founded though it was, would have been impossible once she examined witnesses and argued the case at the January 30 custody trial. Ms. Ekekwe's need to avoid a trial would have been a potent incentive for her to counsel Ms. Sloan to settle on any terms. So, even if we look at the case from Ms. Ekekwe's standpoint, Ms. Sloan never got the benefit of Ms. Ekekwe's unvarnished counsel. Ms. Sloan was undeniably injured by Ms. Ekekwe's misconduct, which strongly favors disbarment as the appropriate sanction. *Compare Attorney Grievance Comm'n v. Miller*, 467 Md. 176, 237-38 (2020) ("Although the harm was not financial in nature, per se, [the client] was indeed harmed by [the attorney's] misconduct.") *with Attorney Grievance Comm'n v. Singh*, 464 Md. 645 (2019) ("[T]he absence of client harm and certain other considerations lead us to locate this case at a different place than [other cases] on the continuum of sanctions for misconduct.").

20

And finally, the established aggravating factors also militate in favor of disbarment. *See Attorney Grievance Comm'n v. McClain*, 406 Md. 1, 21 (2008) (prior disciplinary history factored into decision to disbar attorney for his intentional dishonest conduct); *Attorney Grievance Comm'n v. Framm*, 449 Md. 620, 667 (2016); *Lane*, 367 Md. at 647-48 (pattern of misconduct weighed in favor of disbarment); *Miller*, 467 Md. at 237 (misrepresentations to a client in addition to Bar Counsel weighed in favor of disbarment); *Attorney Grievance Comm'n v. Peters-Hamlin*, 447 Md. 520, 551 (2016) (failure to acknowledge misconduct weighed in favor of disbarment); *Attorney Grievance Comm'n v. Coppola*, 419 Md. 370, 407 (2011) (substantial experience practicing law weighed in favor of disbarment). Having considered the facts and circumstances and applied the governing principles of law, we conclude that disbarment is the appropriate sanction for Ms. Ekekwe's misconduct.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 19-709(d), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST OLEKANMA ARNNETTE EKEKWE.**

21